UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID A. YOUNGBLOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19CV28 RLW |
| | ) |
| BRIANNA UNKNOWN, | ) |
| JASON UNKNOWN, JACKIE UNKNOWN, | ) |
| and LINDA UNKNOWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff David Youngblood's ("Plaintiff") Motion for Appointment of Counsel (ECF No. 20). Upon review of the record, the Court will deny Plaintiff's motion.

### I. Background

On February 7, 2019, Plaintiff filed a Complaint under the Civil Rights Act of 42 U.S.C. § 1983 (ECF No. 1). Plaintiff is currently incarcerated at the Southeast Correctional Center ("SECC") located in Charleston, Missouri. Plaintiff's Complaint names the following individuals as defendants in this action: Corizon; J. Cofield (Medical Director); Southeast Correctional Center; Molly Unknown (Director of Nursing); Briana Unknown (Nurse); Jason Unknown (Nurse); Jackie Unknown (Nurse); Linda Unknown (Nurse); Dr. Unknown Tipton; Roxanne Unknown (Director of Nursing); T. Bredeman (Director of Medical Care). On September 4, 2019, the Court dismissed all Defendants

other than the four nurses, Brianna Unknown, Jason Unknown, Jackie Unknown, and Linda Unknown in their individual capacities (collectively "Defendants").[1]  (ECF No. 8)

Plaintiff's § 1983 claim stems from kidney problems he developed at SECC, to which he alleges Defendants were deliberately indifferent.[2]  Plaintiff claims in April 2018, he started feeling sharp pains in both his left and right sides and reported this to Nurse Jason, who dismissed the pain as a urinary tract infection with no further treatment. Plaintiff states a day later Nurse Linda took his vitals and stated Plaintiff's medical complaint was not an emergency.  The next day, blood was found in Plaintiff's urine, but Nurse Jackie stated Plaintiff was faking.  The following day, Nurse Briana took his vitals and said there was no medical emergency. Plaintiff alleges he was in debilitating pain, was unable to eat, vomited everything he drank, and was unable to walk to the dining room.

Plaintiff contends he was finally sent to the hospital, where doctors found a 9 mm kidney stone and stated Plaintiff's lost his left kidney.  Plaintiff claims he received a stent in his right kidney and was placed on antibiotics, but he went into A-Fib on the way back to the prison and was returned to the hospital.  Plaintiff underwent a second surgery to attempt to break up the kidney stone.  After the second surgery, Plaintiff claims he was placed on blood thinners and taken back to SECC for care.

---

[1] Defendants have filed an Answer indicating their identities: Brianna Roberts, LPN; Jason Clements, RN; Jacquelyn Merideth, LPN; and Linda Ahlfield, RN.  (ECF No. 17)
[2] The following is a summary of Plaintiff's allegations.  The Court thoroughly set forth the facts as stated in Plaintiff's Complaint in the Memorandum and Order of September 4, 2019, which the Court incorporates by reference as if fully set forth herein.

However, Plaintiff asserts after his second surgery he began throwing up blood and passing blood through his catheter.  Plaintiff was sent back to the hospital, at which time doctors found internal bleeding.  Plaintiff asserts he had two additional surgeries: a blood clot filter, as well as a surgery to remove the kidney stent.  Plaintiff contends the Defendants were deliberately indifferent to his serious medical needs and seeks injunctive relief and compensatory damages in this action.

In his motion for appointment of counsel, Plaintiff claims because of his poverty, he is unable to pay a reasonable attorney fee.  (ECF No. 20)  He further avers he has contacted two law firms, and his daughter has also attempted to contact attorneys, but he has been unable to secure legal counsel.  Also pending in this matter is Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.  (ECF No. 21)

## II. Discussion

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'"  *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995)); *see also White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) ("Prisoners do not have a constitutional right to legal counsel to pursue the prisoners' grievances.").  When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present his or her claim.  *Davis*, 94 F.3d at 447 (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, the Court finds that appointment of counsel is not warranted at this time.  The facts of this case are not complex.  Plaintiff raises only one claim: Defendants failed and refused to promptly and properly treat his kidney problems while incarcerated at the SECC, demonstrating delay in treatment and/or deliberate indifference to his serious medical needs.  Further, the Court notes Plaintiff has thus far clearly articulated and presented his legal claims to the Court, and he is able to investigate the facts of his case.  Because the facts and the legal issues of this case are not complex, the Court finds Plaintiff's motion should be denied at this time.

The Court also notes the Defendants have filed a motion for summary judgment for failure to exhaust administrative remedies, to which Plaintiff has not responded.  As this Court has denied Plaintiff's request for appointed counsel, Plaintiff is responsible as a *pro se* litigant for following all rules and orders.  *See Escobar v. Cross*, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants.").  The Case Management Order ("CMO") entered November 7, 2019 provides, [a]ny motion for summary judgment must be filed no later than **May 18, 2020**. Opposition briefs must be filed no later than **May 28, 2020**, and any reply brief may be filed no later than **June 8, 2020**." (ECF No. 18)  Thus, the Plaintiff has until May 28, 2020 to file a response in opposition to Defendants' Motion for Summary Judgment.

4

Should Plaintiff require additional time to respond, Plaintiff must file a written motion which complies with the Court's CMO and local rules.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 20) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendants' Motion for Summary Judgment no later than **May 28, 2020**. If Plaintiff requires additional time, he shall file an appropriate motion.

Dated this 15th day of April, 2020.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[3] The CMO provides the deadlines "will be modified only upon a showing of exceptional circumstances." (ECF No. 18) Further, under the Local Rules of the United States District Court for the Eastern District of Missouri, "[i]t is not necessary to file a separate memorandum in support of a motion for extension of time, but reasons and arguments in support of the motion must be stated in the body of the motion." E.D. Mo. L.R. 4.01(A).