# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. YOUNGBLOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19CV28 RLW |
| ) | |
| BRIANNA UNKNOWN, ) | |
| JASON UNKNOWN, JACKIE UNKNOWN, ) | |
| and LINDA UNKNOWN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff David Youngblood's ("Plaintiff") Motion for Extension of Time to File Summary Judgment and Extension of Discovery (ECF No. 26). Upon review of the record, the Court will grant in part and deny in part Plaintiff's motion for an extension of time.

Plaintiff filed a Complaint under the Civil Rights Act of 42 U.S.C. § 1983 on February 7, 2019. The Court dismissed all Defendants other than Brianna Unknown, Jason Unknown, Jackie Unknown, and Linda Unknown in their individual capacities (collectively "Defendants").[1] On January 21, 2020, Defendants filed a motion for summary judgment. (ECF No. 21). Under the Court's Case Management Order ("CMO"), Plaintiff's response was due May 28, 2020. (ECF No. 18). However, on April 16, 2020, Plaintiff filed the present motion, requesting 180 days to file his response and

---

[1] Defendants have filed an Answer indicating their identities: Brianna Roberts, LPN; Jason Clements, RN; Jacquelyn Merideth, LPN; and Linda Ahlfield, RN. (ECF No. 17)

to file an extension of discovery deadlines. Plaintiff cites the current COVID-19 pandemic and the lack of assistance on his case as cause for his request. (ECF No. 26).

District courts have considerable discretion in deciding whether to grant a motion for an extension. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). As stated in the CMO, deadlines "will be modified only upon a showing of exceptional circumstances." (ECF No. 18) The Court recognizes the seriousness of the current health emergency posed by the COVID-19 pandemic and notes the positive tests for the virus in many prisons around the country, including the Southeast Correctional Center where Plaintiff is currently housed. However, the Court finds Plaintiff's request for a six-month extension is excessive and unreasonable. The Eighth Circuit has stated, "[i]t is critical to a trial court's power of control over its own docket and its ability to effectively serve all litigants seeking its service that it maintain control over the progress of cases before it, including control over any extensions of time." *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1293 (8th Cir. 1980). Further, pro se litigants are not excused from compliance with court rules and directives. *See Soliman v. Johanns*, 412 F.3d at 922; *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

In this instance, the Court will reluctantly amend the Case Management Order to allow additional time for Plaintiff to file a response to Defendants' motion for summary judgment. In addition, the Court will extend the time for Defendants' reply brief. The parties are advised, however, that the Court will not grant any further extensions of time for briefing dispositive motions under any circumstances. To the extent Plaintiff seeks a

future extension of discovery deadlines, the Court notes discovery is now closed, and any request to reopen discovery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David Youngblood's Motion for Extension of Time to File Summary Judgment and Extension of Discovery (ECF No. 26) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff shall file his response in opposition to Defendants' motion for summary judgment no later than **July 17, 2020**, and any reply brief by Defendants may be filed no later than **August 17, 2020**.

Dated this 16th day of June, 2020.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**