**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DAVID A. YOUNGBLOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-CV-28 RLW |
| ) | |
| CORIZON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Brianna Roberts, LPN, Jason Clements, RN, Jacquelyn Merideth, LPN, and Linda Ahlfield, RN's ("Defendants") Motion for Summary Judgment.[1] (ECF No. 21). Also before the Court is Plaintiff's third Motion for Appointment of Counsel and second motion for Extension of Time to Complete Discovery. For the following reasons the Court will grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for the Appointment of Counsel and Motion for Extension of Time to Complete Discovery.

*I.*   *PROCEDURAL BACKGROUND*

Plaintiff, who is proceeding pro se, is a state prisoner at Southeast Correctional Center ("SECC") in Charleston, Missouri. Plaintiff filed his Complaint under the Civil Rights Act of 42 U.S.C. § 1983 on February 7, 2019, against the following defendants: Corizon; J. Cofield (Medical Director); Southeast Correctional Center; Molly Unknown (Director of Nursing); Briana Unknown (Nurse); Jason Unknown (Nurse); Jackie Unknown (Nurse); Linda Unknown (Nurse); Dr. Unknown Tipton; Roxanne Unknown (Director of Nursing); T. Bredeman (Director of Medical

---

[1] These are the only remaining defendants in the case. All other defendants were dismissed on the Court's initial review, pursuant to 28 U.S.C. § 1915(e). See Memorandum and Order dated September 8, 2019. (ECF No. 8)

Care), alleging claims against the named defendants in their individual and official capacities. Following a review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed all defendants except Brianna Unknown, Jason Unknown, Jackie Unknown, and Linda Unknown, in their individual capacities.[2]

On the day he filed his Complaint, Plaintiff also filed a Motion for Appointment of Counsel, which was denied on September 4, 2019. The Court found while Plaintiff had presented non-frivolous allegations in his Complaint, he had demonstrated that he could adequately present his claim, and neither the factual nor legal issues in this case were complex. (ECF No. 9).

Plaintiff filed a second Motion for Appointment of Counsel on December 19, 2019. The motion was filed on the Court's form motion, and Plaintiff did not articulate any additional reasons why he required counsel other than to state, "I got in touch with 2 Law Firms and had my Daughter get in touch with some Law Firms." (ECF No. 20)

On January 21, 2020, prior to the Court's ruling on Plaintiff's Second Motion for Appointment of Counsel, Defendants filed a Motion for Summary Judgment. (ECF No. 21). Defendants' Motion for Summary Judgment is short and straightforward. Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies in that he did not file a grievance regarding the alleged conduct in his Complaint. This motion is presently before the Court.

On April 15, 2020, the Court took up Plaintiff's Second Motion for Appointment of Counsel. Again, the Court found the appointment was counsel was not warranted. The Court wrote: "Plaintiff has thus far clearly articulated and presented his legal claims to the Court, and he

---

[2] Defendants have filed an Answer indicating their identities: Brianna Roberts, LPN; Jason Clements, RN; Jacquelyn Merideth, LPN; and Linda Ahlfield, RN. (ECF No. 17)

is able to investigate the facts of his case. Because the facts and the legal issues of this case are not complex, the Court finds Plaintiff's motion should be denied at this time." (ECF No. 25 at 4). The Court also reminded Plaintiff that Defendants had filed a Motion for Summary Judgment, to which he had not responded. The Court wrote:

> As this Court has denied Plaintiff's request for appointed counsel, Plaintiff is responsible as a pro se litigant for following all rules and orders. See Escobar v. Cross, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants."). The Case Management Order ("CMO") entered November 7, 2019 provides, [a]ny motion for summary judgment must be filed no later than May 18, 2020. Opposition briefs must be filed no later than May 28, 2020, and any reply brief may be filed no later than June 8, 2020." (ECF No. 18). Thus, the Plaintiff has until May 28, 2020 to file a response in opposition to Defendants' Motion for Summary Judgment.

Id.

On April 16, 2020, Plaintiff filed a motion for extension to time to respond to Defendants' Motion for Summary Judgment, and for additional time to conduct discovery. (ECF No. 26). Plaintiff requested 180 days "to file his response to summary judgment and to file an extension to discovery." Id. at 1. Plaintiff cited the COVID-19 pandemic and the lack of assistance of counsel as the bases for his request. Id.

On June 16, 2020, the Court granted, in part, Plaintiff's motion for extension of time to file a response to Defendants' Motion for Summary Judgment. Plaintiff was granted until July 17, 2020, to file a response memorandum. In all other respects, the Motion was denied. (ECF No. 27). The Court advised that it "will not grant any further extensions of time for briefing dispositive motions under any circumstances. To the extent Plaintiff seeks a future extension of discovery deadlines, the Court notes discovery is now closed, and any request to reopen discovery will be denied." Id. at 2. The Court also reiterated that "pro se litigants are not excused from compliance with court rules and directives." Id. (citations omitted).

3

The deadline to respond to the Defendants' Motion for Summary Judgment passed without a response from Plaintiff. On August 3, 2020, Plaintiff filed a Motion for Extension of Time to Complete Discovery and a Third Motion for Appointment of Counsel, which are the Motions presently before the Court. (ECF No. 28 and 29).

## II.   PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF THE DISCOVERY DEADLINE

As the Court has set forth in its prior orders, "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). On a motion for appointment of counsel, a Court may consider several relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Id.

In his present motion, Plaintiff states he requires the assistance of counsel because he suffered a stroke during the last week of May 2020, and that he was in the "M.U. Treatment Center" for about a week, and then he was transferred to the I.C.U. "at the Institution." (ECF No. 29 at 1). He states he requires an attorney because he does not know how to get discovery or an attorney. Id. He also claims that his vision is still blurry – he can only see about four feet in front of him – and he now walks with the assistance of a walker.

On August 27, 2020, Plaintiff filed a 5-page, handwritten Supplement to his Motion for Appointment of Counsel. In his supplement, Plaintiff detailed the care he received following his stroke, and how he has been transferred to different units at Southeast Correctional Center, including administrative segregation. Among other things, Plaintiff contends he was not moved to the proper unit because he is being retaliated against for filing the present lawsuit. "I feel this is Retaliation for the lawsuit I have on Linda Ahlfield (Linda Unknown) Corizon employed, Jason

4

Clements (Jason Unknown), Jackie Unknown, and Briana Unknown." (ECF No. 30 at 3). Plaintiff also makes allegations that he has not received the proper medical treatment. Plaintiff claims that he is being punished "for no reason," and he requests the Court appoint him an attorney "or tell me how to get one." (Id. at 5).

The Court is sympathetic to Plaintiffs' condition, but it will not appoint Plaintiff counsel in this case. As discussed below, Defendants' motion for summary judgment is simple and straightforward – Defendants are moving for summary judgment on the ground that Plaintiff did not file a prison grievance regarding the conduct he alleges in his Complaint. In other words, the issues on the summary judgment motion are: (1) did Plaintiff file a grievance regarding the conduct alleged in his Complaint; and (2) if not, why not? Addressing these two questions does not require the assistance of counsel. Plaintiff would have personal knowledge regarding these facts, and the legal issues are not complex. However, instead of responding to Defendants' Motion for Summary Judgment, Plaintiff chose to describe his current medical condition, treatment, and to make new allegations of retaliation against the Defendants. It is apparent from the record in this case, including Plaintiffs' most recent filings, that Plaintiff is capable of advocating for himself and rather than filing his most recent motions and supplement, Plaintiff should have filed a response to Defendants' Motion for Summary Judgment.

The Court denies Plaintiff's Third Motion for Appointment of Counsel and Motion for Extension of Time to Complete Discovery. The Court will address Defendants' Motion for Summary Judgment without a response from Plaintiff.

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

#### A. Summary Judgment Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific

6

facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

**B. Facts**

In support of their motion for summary judgment, Defendants submitted a statement of uncontroverted material facts. Plaintiff did not respond to Defendants' statement of uncontroverted facts or provide the Court with a statement of material facts as to which he contends a genuine dispute exists. Accordingly, Plaintiff has not met the requirements of Local Rule 4.01(E), and he is deemed to have admitted the facts in Defendants' statement of uncontroverted facts.[3] Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), aff'd, 232 F.3d 907 (8th Cir. 2000). Cf. Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment).

---

[3]Local Rule 4.01(E) provides, with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

After reviewing the record, and with the summary judgment standard in mind, the Court accepts the following facts as true for purposes of resolving Defendants' motion for summary judgment:

Plaintiff is an inmate incarcerated by the Missouri Department of Corrections ("MDOC") at SECC. In his Complaint Plaintiff alleges Defendants failed to promptly and appropriately assess Plaintiff's symptoms related to a kidney stone condition in April of 2018 resulting in a delay of treatment and associated pain.

The grievance procedure for the MDOC consists of three steps that are defined in policy D5-3.2 "Offender Grievance" effective January 1, 2015. First, the inmate must file an Informal Resolution Request ("IRR") within 15 calendar days from the alleged incident. If the complaint is not resolved by discussion, the classification staff member or designee will investigate and develop a proposed response for the approval of the functional unit manager or designee and the deputy warden or designee. Informal resolution requests should be responded to as soon as practical, but within 40 calendar days of receipt.

Second, if the inmate's grievance is not resolved at the informal level, he or she may proceed to the second step and file a formal grievance. The inmate must file a formal grievance using an Offender Grievance form within seven calendar days of his receipt of a response on the IRR form. Failure to do so will result in the complaint being abandoned. The CAO (Chief Administrative Officer) or designee should respond to offender grievances within forty calendar days of receipt.

Third, if the grievance is not resolved at the formal level, the inmate must file an appeal within seven calendar days. An appeal response should be provided as soon as practical, but within 100 calendar days of receipt. Expiration of the response time limit at any stage of the process

8

allows the grievant to move to the next stage of the process by notifying the grievance officer or designee. A grievance is not considered exhausted unless and until the inmate completes the formal grievance procedure at the appeal level.

All offenders are provided access to the grievance procedure unless special limitations have been placed as a result of offender misuse of the grievance procedure. The grievance process is available to an offender who has been placed in segregation status at SECC. Any offender who wishes to initiate the grievance process by filing an IRR may submit a request for grievance forms in writing to classification staff. Staff will provide one form for each complaint. In the event an inmate asserts that he is unable to participate in the grievance process due to a disability, the grievance officer or designee shall assist or arrange assistance for those offenders who cannot complete the grievance forms themselves.

Plaintiff has filed no grievances related to his claim that he was denied timely and appropriate medical treatment for kidney stones in April 2018. Plaintiff filed two IRRs related to medical care in 2019, after the claims in the present lawsuit arose, and that involved issues unrelated to his April 2018 claims. Other than the two IRRs described below, Plaintiff filed no other medical grievances from January 1, 2018 through November 2019.

Plaintiff submitted IRR SECC-19-76 on January 24, 2019, complaining of difficulty urinating and requesting analysis of a urine sample. His IRR was resolved by discussion with medical staff and he did not pursue a formal grievance. This IRR is unrelated to his complaints in April 2018 of medical staff's failure to promptly assess and treat symptoms related to kidney stones.

Plaintiff submitted IRR SECC-19-315 on April 4, 2019 and complained of not receiving medication for a heart condition. His IRR was resolved by discussion with medical staff and he

9

did not pursue this grievance. This IRR is unrelated to his complaints in April 2018 of medical staff's failure to promptly assess and treat symptoms related to kidney stones.

### C. Legal Discussion

In their Motion for Summary Judgment, Defendants argue Plaintiff did not administratively exhaust his claims against them as to the care they provided Plaintiff in April 2018.

The Prison Litigation Reform Act ("PLRA") imposes an exhaustion requirement on state prisoners who wish to pursue a claim under § 1983. The PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S 199, 204 (2007). Proper exhaustion demands completion of the prison's administrative review process, including all levels thereof, in accordance with the deadlines and other critical procedural rules. Id. at 218; Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Exhaustion is "mandatory" and unexhausted claims must be dismissed. Jones, 549 U.S. at 211.

The Supreme Court has explained that to properly exhaust administrative remedies, a prisoner must complete the administrative review process in accordance with the procedural rules as defined by the applicable prison grievance process itself. Jones, 549 U.S. at 218-19. Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Id. The Supreme Court noted that the level of detail necessary to comply with grievance procedures "will vary from system to system and claim to claim[.]" Id. at 218. See also Frazier

10

v. Winfield, 252 F. App'x 117, 118 (8th Cir. 2007) (per curiam) ("The prison's requirements, not the PLRA, define the boundaries of proper exhaustion.")

Failure to exhaust "is an affirmative defense under the PLRA" and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints" Jones, 549 U.S. at 216. "Defendants have the burden of raising and proving the absence of exhaustion." Porter v. Strum, 781 F.3d 448, 452 (8th Cir. 2015). Furthermore, while no unexhausted claim may be considered under the PLRA, a case should not be dismissed in its entirety because it contains unexhausted claims. Jones, 549 U.S. at 219. The unexhausted claims should be dismissed, without prejudice, and the rest of the case proceed. Id.

It is undisputed that Plaintiff failed to file a grievance regarding the medical treatment he received in April 2018. Plaintiff, however, states in his Complaint, which is signed and verified, that he did not file a grievance because "Prison classification employees prevent us inmates from process and procedure when correctional case managers refuse to follow and comply with policy 05-3-2 - supply 'segregated prisons' proper forms." (ECF No. 1 at 3).

Inmates are excused from exhausting remedies "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). "[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a) . . . ." Miller, 247 F.3d at 740 (second alteration in original) (finding remedies not "available" where prison officials failed to respond to inmate's requests for grievance forms). See also Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (finding prison official's failure to timely respond to grievance could show inmate had exhausted "available" remedies); Foulk v.

Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001) (finding inmate may have exhausted remedies when MDOC prison officials refused to respond to IRR).

Plaintiff's verified statement is not enough to preclude summary judgment. Plaintiff makes the general assertion that segregated inmates are prevented from filing grievances, but Plaintiff has not made a showing that he was prevented from pursuing the grievance process with regard to the medical treatment he received in April 2018. Plaintiff has not provided the Court with any specifics as to how he was thwarted from filing a grievance. For example, Plaintiff does not claim that he attempted to contact a prison official about his desire to pursue a grievance related to the claims in this suit, or that he was denied access to a grievance form. Moreover, Plaintiff's own grievance history contradicts his general assertion. Plaintiff was aware of and able to access the grievance process to address his health care complaints in 2019. As Plaintiff has not adequately explained why he was unable to access the grievance procedures, the Court finds Plaintiff has not established that prison officials prevented him from utilizing the grievance procedures with respect to his medical treatment in April 2018. See Gibson, 431 F.3d at 341.

### IV.     CONCLUSION

In sum, the Court declines to appoint Plaintiff counsel or extend the discovery deadline in this case. The Court further finds Plaintiff failed to exhaust his administrative remedies with regard to the claims alleged against Defendants in this suit. The Court grants Defendants' Motion for Summary Judgment and will dismiss Plaintiff's claims, without prejudice, for failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedies is **GRANTED.** (ECF No. 21)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Complete Discovery and Motion for Appointment of Counsel are **DENIED.** (ECF. Nos. 28 and 29)

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of November, 2020.